# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TRAVIS ORANGE, )<br>#311216, )<br>  )<br>  Plaintiff, ) | Civil Action No. 0:06-2601-PMD-BM |
| v. ) | |
| AUDREY FIELDING, Sergeant; )<br>ANTRON LEWIS, Officer; )<br>WILLIE WINNS, Officer; )<br>LANE CRIBB, Sheriff of )<br>Georgetown County; and MICHAEL )<br>SCHWARTZ, Jail Administrative )<br>Director of the Georgetown County )<br>Detention Center, )<br>  )<br>  Defendants. )<br>_____) | **REPORT AND RECOMMENDATION** |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his constitutional rights while he was an inmate at the Georgetown County Detention Center in Georgetown, South Carolina.

The Defendants Lane Cribb, Sheriff of Georgetown County, and Michael Schwartz, Director of the Georgetown County Detention Center, filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 9, 2007. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 10, 2007, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be

1



granted. Plaintiff thereafter filed a response to the motion for summary judgment on February 20, 2007, and after having received an extension, filed an additional response on April 6, 2007. The Court notes that Plaintiff had also previously filed an affidavit with the Court, with attachments, on December 6, 2006, which the undersigned has reviewed in considering the Defendants' summary judgment motion. Defendants' motion is now before the Court for disposition.[1]

### Background and Evidence

Plaintiff alleges in his verified amended Complaint[2] that on January 4, 2005, while detained at the Georgetown County Detention Center, he was assaulted by the Defendants Lewis, Fielding and Winns (all correctional officers at the Detention Center) after he had requested to speak with Fielding, a sergeant. Plaintiff alleges that he had been told he was going to be placed in "lock-up" for giving an inmate some "canteen" under the door, and that when he requested to speak to Fielding he was "threatened by both officers Winns and Lewis, who immediately begun to beat me to the state of unconsciousness, along with being helped by Sgt. Fielding to beat me." Plaintiff alleges that he had to be transported to the Williamsburg Regional Hospital as a result of this beating, which has resulted in his suffering chronic physical damages including back, neck and facial injuries. Plaintiff also alleges that, after being assaulted and beaten, he was placed in the lock-

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants Cribb and Schwartz have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



up at the Detention Center where he experienced "further act[s] of abuse and cruel and unusual punishment, by being subjected to being stripped naked of clothing and food for three days following the omission of the officer's deliberate indifference to my well[ ] being and safety...." .

Plaintiff further alleges that Captain Barry Marshall of the Division of Internal Affairs at the Detention Center conducted an investigation of this matter, resulting in Fielding, Winns and Lewis all being terminated from their jobs, and criminal charges being brought. Plaintiff alleges that "by their own omission", the Defendants "deviat[ed] from the standards of professional ethics, and the Georgetown Detention Center policies, rules, and regulations, which has resulted in the Defendants being terminated from the Georgetown Detention Center....".

With respect to the Defendant Schwartz, Plaintiff alleges that this Defendant is liable because he is the "administrator of and over, and the authority to train his employees/officers to set better standards before the public eye."  Plaintiff alleges that the Defendants Fielding, Lewis and Winns were "able to subject me to such cruel and unusual punishment, while being under the authority and supervision of its administrator, who [ ] failed to train, discipline, and demand strict compliance with the rules, policies, and regulations, set forth to operate such a facility....". The Defendant Cribb, although named as a Defendant in the caption of the Complaint, is not mentioned in the narrative of Plaintiff's amended Complaint.  Plaintiff seeks monetary damages.  See generally, Plaintiff's Verified Amended Complaint.

In his affidavit filed December 6, 2006, Plaintiff reiterates his claims, and further discusses how, following this incident, Captain Marshall came to talk to him and told him that he was going to do a full investigation. Plaintiff further attests that a full investigation was in fact done, including by the South Carolina Law Enforcement Division (SLED), and that on January 11, 2005

3



0:06-cv-02601-PMD     Date Filed 04/20/07     Entry Number 52     Page 4 of 13

Fielding, Lewis and Winns were all terminated by Sheriff Cribb, with criminal charges subsequently being brought against the Defendant Lewis for assault and battery of a high and aggravated nature and misconduct in office.  <u>See</u> <u>generally</u>, <u>Plaintiff's Affidavit (unsigned)</u>.  Plaintiff has also submitted an affidavit from fellow inmate Gerald Green, who attests that he witnessed the assault; <u>see</u> <u>generally</u>, <u>Green Affidavit</u>; as well as documents pertaining to the criminal charge brought against the Defendant Lewis.

In support of summary judgment with respect to the claims asserted against him, the Defendant Cribb has submitted an affidavit wherein he attests that he is the Sheriff of Georgetown County, and that as such he is responsible for the control and administration of the Georgetown County Detention Center.  Cribb attests that he sets the policies for the Detention Center and its employees, but that he had no personal involvement with the Plaintiff while he was housed at the Detention Center and had no knowledge of the incident complained of until it was reported to him by members of his staff the day following the incident.  <u>See</u> <u>generally</u>, <u>Cribb Affidavit</u>.

The Defendant Schwartz has also submitted an affidavit, wherein he attests that during the relevant time period he was employed by the Defendant Cribb as the Director of the Georgetown County Detention Center, where his duties included the day to day supervision and administration of the Center and its employees, and the promulgation of policies with regard to the inmates housed at the Detention Center.  Schwartz attests that he had no personal involvement with the Plaintiff while he was housed at the Detention Center, and that he had no knowledge of the incident complained of by the Plaintiff until it was reported to him by members of his staff the day following the incident.  Schwartz attests that, upon notification of the incident, he asked officers in his employ to conduct an immediate investigation into the matter, and also contacted Sheriff Cribb

4



to request an investigation by the Sheriff's Department. Schwartz attests that, following that investigation, he terminated Winns, Lewis and Fielding from their employment. See generally, Schwartz Affidavit.

In opposition to the Defendants' motion for summary judgment, Plaintiff submitted an affidavit on February 20, 2007 in which he reiterates his allegations concerning the assault by Winns, Lewis and Fielding. Fielding, a female, apparently stood watch and observed the actual physical assault by Lewis and Winns. Plaintiff also again attests that, following this assault, he was visited by Captain Marshall and that an investigation was conducted concerning this incident. Plaintiff attests that following the investigation, he was advised by Marshall that the cited officers were "in the wrong", and that Fielding, Lewis and Winns were subsequently terminated by Sheriff Cribb. Plaintiff further attests that criminal charges were subsequently brought against the Defendant Lewis, who pled guilty to the charge of misconduct in office. See generally, Plaintiff's Affidavit.

In yet another affidavit submitted to the Court on April 6, 2007, Plaintiff attests that he was transferred from the Williamsburg County Detention Center to the Georgetown County Detention Center in May 2004 because he had received threats from co-defendants and officers at Williamsburg County. Plaintiff alleges that this transfer was approved by Georgetown County Sheriff Cribb and Jail Administrator Schwartz, even though he had no charges pending against him in Georgetown County. Plaintiff attests that, after he had been transferred to Georgetown, he discovered that the Defendant Lewis was related to his co-defendant, and that he thereafter contacted his attorney Nathaniel Roberson. Plaintiff attests that Roberson then contacted his other attorney, James Bain, to arrange a time for them to come meet with the Plaintiff. Plaintiff attests that his

5



attorneys did later come to the Detention Center (no date is given) and requested to speak with either Captain Marshall or Director Schwartz.[3] Plaintiff attests that during his attorneys' visit with him, they decided to have him transferred to Horry County. Plaintiff attests that his attorneys tried to make arrangements with Cribb and Schwartz to have him transferred, but that they were told by the Williamsburg County Sheriff and the Solicitor that a judge would have to order Plaintiff's transfer.[4] Plaintiff attests that Cribb and Schwartz both knew that Officer Lewis was aggressive towards inmates, and that several inmates had filed grievances against Lewis both before and after the incident where he was assaulted. Plaintiff further attests that he spoke with Schwartz and Marshall several times about his transfer and told them about the danger he was in, but that neither of these Defendants took any action. See generally, Plaintiff's Affidavit.

Plaintiff has also provided affidavits from inmates Keenan Keith, Jasper Barnes, and Ernest Gagum, all of whom attest that they witnessed the incident where Plaintiff was assaulted by the Defendants Winns, Fielding and Lewis. See generally, Plaintiff's Exhibits (Affidavits).

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the

---

[3] No affidavits or excerpts from deposition testimony has been provided from either of Plaintiff's attorneys to verify this statement in Plaintiff's affidavit.

[4] Again, Plaintiff has provided no evidence from any of the individuals who were purportedly parties to these conversations to support the statements made in his affidavit.



opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

### (Defendant Cribb)

With respect to the Defendant Cribb, the undersigned agrees with this Defendant that he is entitled to summary judgment in this case. As a public employee, Cribb is generally subject to suit for damages under § 1983 in his individual capacity. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). However, in order to pursue a claim against this Defendant, Plaintiff must show that Cribb played some role in the alleged violation of his constitutional rights. See Gomez v. Toledo, 446 U.S. 635, 640 (1980) [In order to maintain a claim under § 1983, a plaintiff must show, in part, that a named Defendant deprived him or her of a federal right.]. Plaintiff has failed to present any such evidence. Plaintiff does not even mention this Defendant anywhere in the text of the allegations of his Complaint, nor has he presented any evidence to show that Cribb had any knowledge of his situation at the jail, or played any role whatsoever in the assault that allegedly took place.



While Plaintiff does state in his affidavit filed April 6, 2007 that Sheriff Cribb knew that the Defendant Lewis was aggressive towards inmates and was aware of the threat to his safety and failed to protect him, these are mere conclusory statements. Plaintiff has provided no evidence to support these general and conclusory statements,[5] and the Court is not required to accept such claims without any evidentiary support. See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations]; Bender v. Suburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"].

Indeed, it is readily apparent from a plain reading of the allegations of Plaintiff's Complaint as well as the other filings in this case that the only reason Cribb has been named as a party Defendant is because he is the Sheriff of Georgetown County. Cribb has provided an affidavit to the Court attesting that he had no personal involvement with the Plaintiff, and that he had no knowledge of the incident at issue until it was reported to him by members of his staff the day following the incident, while Plaintiff has provided no evidence to show that Cribb worked at the Detention Center or played any role whatsoever in his alleged assault. The doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions; Vinnedge v. Gibbs, 550 F.2d

---

[5]For example, Plaintiff states in his affidavit that several inmates had filed grievances against the Defendant Lewis both before and after the assault at issue, but he has provided no copies of any such grievances to the Court from which the Court could derive an inference that Cribb was aware of any danger posed to inmates by the Defendant Lewis.

8



926, 927-929 & nn. 1-2 (4th Cir. 1977); and therefore unless Plaintiff presents evidence to show specific wrongdoing on the part of Cribb, he may not be held liable for the acts of others. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubby v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992).

While Cribb may be held liable for the conduct of the other Defendants if that conduct was the result of an official policy or custom for which Cribb was responsible; see Slakan v. Porter, 737 F.2d 368, 375-376 (4th Cir. 1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 115 S.Ct. 67 (1994); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing Hall v. Tawney, 621 F.2d 607 (4th Cir. 1980)); Plaintiff has presented no evidence regarding the existence of any official policy or custom put in place by the Defendant Cribb which led to or resulted in the alleged assault on the Plaintiff in this case. In fact, Plaintiff specifically asserts in his Complaint and other filings that the conduct alleged was in *violation* of the Detention Center's policies. Therefore, the undersigned finds and concludes that the Defendant Cribb is entitled to dismissal as a party Defendant in this case. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1999) ["liability...must be based on the personal involvement of the defendant"], cert. denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D.Ill. 1996). See also Horton v. Marovich, 925 F.Supp. 540 (N.D.Ill. 1996) ["Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].

9



**II.**

**(Defendant Schwartz)**

As a public official, Defendant Schwartz is subject to suit under § 1983 for damages in his individual capacity. Will, 491 U.S. at 71; Hafer, 112 S.Ct. at 365. Further, while Schwartz attests in his affidavit that he had no knowledge of the incident complained of by the Plaintiff until it was reported to him by members of his staff and otherwise had no personal involvement with the Plaintiff while he was housed at the Georgetown County Detention Center, Plaintiff attests in his affidavit filed April 6, 2007 that he specifically spoke with Schwartz "several times" about his need to be transferred and about the alleged danger he was in, but that Schwartz failed to take any action. Therefore, for purposes of summary judgment there is a genuine issue of fact as to whether Schwartz was at least aware of Plaintiff's claim that he was in danger and needed to be transferred out of the Georgetown County Detention Center, but took no action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ["credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts" are functions for the trier of fact, and at summary judgment the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."]; Muhammad v. Klotz, 36 F.Supp.2d 240, 243 (E.D.Pa. 1999) ["Thus, at the summary judgment stage the only inquiry is the threshold one of determining whether there is the need for a trial, that is, 'whether the evidence presents a sufficient disagreement to require submission to [the trier of fact] or whether it is so one-sided that one party must prevail as a matter of law'"], citing Anderson, 477 U.S. at 250-252.

The Defendant Schwartz also argues that he should be granted summary judgment because he is entitled to qualified immunity from suit in this case. Under the doctrine of qualified

10



immunity, government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). However, it was certainly clearly established at the time of the filing of Plaintiff's Complaint that an inmate's constitutional rights could be violated if government officials know of a danger to an inmate and fail to take any corrective action. See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference [ ] if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"](quoting Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994); Moore v. Winebremmer, 927 F.2d 1312, 1316 n. 1 (4th Cir. 1991) (Muraghan, dissenting) (citing Walker v. Norris, 917 F.2d 1449, 1453 n, 7 (6th Cir. 1990) [finding no qualified immunity where prison guards failed to protect inmate from attack]; Santiago v. Lane, 894 F.2d 218 (7th Cir. 1990) [finding no qualified immunity where prison officers allegedly did not offer inmate protective custody and had insufficient transfer policies to ensure prisoner safety]; *cf.* Belcher v. Oliver, 898 F.2d 32, 34 (1990) ["the Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious...needs of the detainee"].

Therefore, since Plaintiff's allegations, if true, may amount to a violation of Plaintiff's constitutional rights, and there is a genuine issue of fact as to whether the Defendant Schwartz was aware of a danger posed to the Plaintiff and failed to take any corrective action, this Defendant is not entitled to dismissal on the grounds of qualified immunity. Toth v. City of Dothan, Ala., 953 F.Supp. 1502, 1508 (M.D.Ala. 1996); Clifton v. Horbin, No. 05-2472, 2006 WL 2727293



(D.Minn. Sept. 22, 2006) [adopting report and recommendation denying summary judgment on qualified immunity where material facts remain]. Schwartz's motion for summary judgment should be denied.

### **Conclusion**

Based on the foregoing, it is recommended that the Defendant Cribb's motion for summary judgment be **granted,** and that Cribb be **dismissed** as a party Defendant in this case. It is further recommended that the Defendant Schwartz's motion for summary judgment be **denied**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

April 20, 2007



12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

13

